UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jessica .E., Individually and as parent and next friend of K.A., a Minor, | ) ) ) **JURY DEMAND** |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| HARLEM BOARD OF EDUCATION SCHOOL DISTRICT #122, JULIE MORRIS, in her Official Capacity as Superintendent; and the ILLINOIS STATE SCHOOL BOARD OF EDUCATION, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COME the Plaintiffs, K.A., and Jessica E., individually and as parent and next friend of K.A., by their attorney, Joyce O'Neill Austin of Shriver, O'Neill, and Thompson, and complain as follows:

### I.  JURISDICTION AND VENUE

1. This is action is a timely appeal of an administrative ruling rendered by Impartial Hearing Officer Marcia K. Johnson on February 15, 2016 following the special education due process hearing captioned *K.A. vs. Harlem UD #122,* ISBE Case No. 2016-0069, under the *Individuals with Disabilities Education Improvement Act of 2004 (IDEIA)* and revised *2008* 20 U.S.C. § 1400 *et seq.*; and to assert claims for violations of law based upon K.A.'s status as a person with a disability under: the Rehabilitation Act of 1973, Section 504, 29 U.S.C. §791 *et. seq.*; A.D.A

Amendments Act of 2008, §2 et. seq.; 42 U.S.C. §12101 et. seq.; The Civil Rights Act of 1964 § 1983 under substantive Due Process and Equal Protection Rights; The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99; and state law claims under 105 ILCS 5/10-22.6 *et seq.*, Article 14 of the School Code of Illinois and its respective implementing regulations; Illinois Student Records Act at 105 ILCS 10/5 and 105 ILCS 10/6; Children's Mental Health Act at 405 ILCS 49/5 *et seq.*, and 405 ILCS 49/15 *et seq.* Jurisdiction is founded upon a federal question of law, pursuant to 28 U.S.C. §1331 and pendant/supplemental jurisdiction of state claims under 28 U.S.C. §1367.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1342, 20 U.S.C. § 1415 (i) (2)-(3) and 34 CFR 300.500 *et seq.* At all times relevant to this action, Defendant has acted under color of state law.

3. Venue is properly situated in the Northern District of Illinois under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims arose there and Defendants are subject to personal jurisdiction in the Northern District of Illinois.

**II.    PARTIES**

4. J.E. is the mother and next friend of K.A., who was at all times relevant, a resident and student enrolled in the Defendant HARLEM COMMUNITY UNIT SCHOOL DISTRICT #122 (hereinafter referred to as DISTRICT) for the school years 2012-2013 through 2015-2016 in which she was enrolled in 4th, 5th and 6th grades respectively.

5. Plaintiff K.A. was diagnosed medically as a child with Mood Disorder NOS, Panic Disorder, Major Depressive Disorder, Adjustment Disorder, an Obsessive Compulsive Disorder; the DISTRICT listed medical conditions affecting her educational performance as Depression,

2

Anxiety, and Oppositional Defiant Disorder; and the DISTRICT initially found her eligible beginning December 19, 2014, as a child with a disability as defined by the Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 791 *et. seq.* and/or A.D.A. Amendments Act of 2008.

6. At all times relevant herein, Defendant HARLEM BOARD OF EDUCATION and HARLEM COMMUNITY SCHOOL DISTRICT #122 (hereinafter referred to as DISTRICT) was a corporate body organized under the State of Illinois for administration of public schools located within the boundaries of Winnebago County, in the Northern District of Illinois. The District constitutes a "local education agency" within the meaning of IDEA. See 34 C.F.R. § 300.28.

7. At all times relevant herein, Plaintiffs J.E. and K.A. were residents of the District boundaries of HARLEM COMMUNITY SCHOOL DISTRICT #122, County of Winnebago and State of Illinois.

8. Defendant DISTRICT employs at its Harlem, Illinois location, certain school sites, which include the Loves Park Elementary School at 344 Grand Avenue, Loves Park, Illinois, 61111 and has over 40 employees.

9. Defendant Julie Morris, Superintendent of the DISTRICT, is name in her official capacity as District Superintendent.

10. Defendant Illinois state Board of Education (ISBE) is the state agency that administers public education in the state of Illinois. One of its functions is the oversight of the Due Process Hearing system in Illinois under IDEIA. ISBE has been named as a party for the purposes of filing the administrative record for the underlying proceedings in this case.

11. The Plaintiff J.E. is the parent, the guardian and next friend of K.A. found ineligible by the DISTRICT as needing special education as a child with a disability as defined by

I.D.E.I.A. 2004 20 U.S.C. §1412 and/or ADAAA but had a § 504 plan providing accommodations with an eligibility of "Emotional Disturbance" under Rehabilitation Act of 1973, § 504, 29 U.S.C. § 791 *et. seq.*.

### III. REVIEW OF ADMINISTRATION RECORD OF A DUE PROCESS HEARING CAPTIONED THE SPECIAL EDUCATION OF K.A. VS. HARLEM CUSD #122, ISBE CASE NO. 2016-0069.

12. Plaintiffs re-allege and incorporate Paragraphs 1-11 as if fully set forth herein.

13. That on or about September 1, 2015, J.E. filed a request for an Expedited Due Process Hearing under I.D.E.I.A. to protect the civil rights of her daughter K.A. which was subsequently amended on November 17, 2015.

14. That a Due Process Hearing was held on January 26, 27, and 28 of 2016 before the duly appointed Administrative Hearing Officer, Marcia K. Johnson, who rendered her opinion on February 16, 2016.

15. That the filing and hearing under the Amended Due Process Complaint fulfilled Plaintiff's requirement to "exhaust her administrative remedies" prior to filing this Complaint.

16. That the Administrative Hearing Officer found for the District and against the Plaintiff on all matters under the IDEIA before the Hearing Officer which Plaintiff requests that this Court review.

17. That the decision by the Administrative Hearing Officer was limited in that her decision was based only on educational issues pursuant to I.D.E.I.A. and she had no jurisdiction to address all of the remaining issues under Violations of the Rehabilitation Act of 1973, Section 504, 29 U.S.C. §791 et. seq.; Americans with Disabilities Act of 1990, §2 et. seq.; 42 U.S.C. §12101 et. seq. and the Civil Rights Act of 1964 § 1983 and other federal and state claims listed

4

in paragraph 1. *supra*.

18. As a result of the Hearing Officer's lack of hearing testimony of any other statutory claims, Plaintiff was limited in her ability to present all relevant evidence in support of her other federal and state statutory claims as listed above and should be allowed to present additional evidence *de novo* pursuant to each and every statutory claim of the violation of K.A.'S civil rights as a child of a disability.

## IV. VIOLATION OF A.D.A.A.A

19. Plaintiffs re-allege and incorporate Paragraphs 1-18 as if fully set forth herein.

20. The Equal Protection Clause of the Fourteenth Amendment commands that all persons similarly situated should be treated alike. See U.S. Const., amend. XIV.

21. Defendants intentionally violated Plaintiff K.A.'s rights under A.D.A.A.A. because of their failure to provide physical access to all of her required classes and/or all classes for her to receive FAPE.

22. At all times relevant, K.A. was entitled to a free and appropriate public education just like her other non-disabled peers.

23. The Defendants intentionally or purposefully discriminated against S.C.C. and singled her out for disparate treatment because of her disabilities.

24. K.A.. was denied a free and appropriate public education when the Defendants denied her access to the school and education by expelling her from Loves Park Elementary school and placing her in an alternative educational setting apart from her peers which was inappropriate for her needs and not the Least Restrictive Environment.

25. K.A. was qualified for a specialized program under § 504 and was discriminated

against because of her mental health and social-emotional disabilities and was denied access to that educational program because of the extra attention she required because of her behavioral outbursts. The Defendants' actions caused K.A.. a loss of educational opportunities and educational benefit with her same-aged peers and caused her extreme anxiety, loss of self esteem, and emotional distress.

26. The Defendants also violated K.A.'s equal protection rights and substantive due process and liberty interest under the Fourteenth Amendment to the U.S. Constitution because of their deliberate indifference to the conduct of the District's employees which shocks the conscience and due to the District's and LCSEA's own policies, practices, and customs.

27. Defendant's actions are in violation of the A.D.A. Amendments Act of 2008 in that it has intentionally denied the child Plaintiff accessibility to a free and appropriate education required under A.D.A.

28. The Defendants intentionally and willfully and wantonly and with deliberate indifference violated K.A.'s rights under the A.D.A.A.A. by retaliating against K.A. because of her disabilities and by failing to provide her access to a free and appropriate public education in the ways described herein.

## V.    VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 §1983 AND SECTION 504 OF THE REHABILITATION ACT

29. Plaintiffs re-allege and incorporate Paragraphs 1-27 as if fully set forth herein.

30. The student K.A. suffered extreme distress, a major anxiety attack at school, and self-harming ideations all due to the bullying and discriminatory acts she received during her matriculation at Loves Park Elementary School from both educational staff and other students, as

6

demonstrated by her hospitalization in a mental health facility.

31. Instead of addressing the socio-emotional issues, the DISTRICT demonstrated deliberate and shocking indifference to K.A.'s trauma by ignoring her cries for help, ignoring the recommendations of providers after her hospitalization at Garfield Park Hospital, and not providing her the social work, psychological, and other services she needed to obtain meaningful benefit from her education.

32. The DISTRICT by its failure to protect K.A. from the extensive bullying and discrimination she received from both the educational staff and other students has violated her civil rights as a member of a protected class particularly when it gave her no alternative but to stay home from school to avoid the discriminatory actions.

33. The DISTRICT further failed to provide K.A. the proper accommodations or instruction or equipment she needed in order to obtain a meaningful educational benefit in order to be able to stay in school.

34. The DISTRICT further failed to properly evaluate K.A. and to provide her instruction and accommodations on a timely basis.

35. The DISTRICT further violated K.A.'s rights by its failure to place her in the least restrictive environment that would accommodate her physical and emotional needs instead placing her in homebound classes whereby she received incomplete and/or no instruction in her scheduled classes and was not allowed to attend school during almost the entire first semester and second semester of the 2015-2016 school year.

36. By these actions or inactions the DISTRICT deliberately and/or intentionally denied her as required by law a free and appropriate public education in the least restrictive

environment with the accommodations necessary for her to have access to the same education as her non-disabled peers.

37. That the DISTRICT demonstrated bad faith, gross misjudgment and deliberate indifference by its denial of FAPE for K.A. by sending K.A. to homebound services for parts of the school year and offering only alternative placements apart from her peers instead of addressing the needs she had based on her disability and not addressing her emotional and physical need to have access to her educational classrooms and teachers for her educational instruction.

38. The DISTRICT in bad faith, gross misjudgment and deliberate indifference did not provide Plaintiff K.A. with any alternative schooling that addressed her disability, either physically, emotionally or psychologically that meets her educational needs.

39. That despite many requests and the need to hire counsel, the DISTRICT in bad faith and with deliberate indifference continues to refuse to acknowledge that K.A. qualifies for special education and related services.

## VI. VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

40. Plaintiffs re-allege and incorporate Paragraphs 1-39 as if fully set forth herein.

41. Section 504 of the Rehabilitation Act states that "[n}o otherwise qualified person with disabilities shall, solely by reason of his or her disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. §794(a).

42. K.A. is a "qualified person with disabilities" within the meaning of Section 504, as found by the DISTRICT because she has physical and/or mental impairments that substantially

limits one or more major life activities including, but not limited to, learning.

43. Regulations implementing Section 504 require that a public entity administer its services, programs and activities in "the most integrated setting appropriate" to the needs of qualified individuals with disabilities. 28 C.F.R. §41.51(d).

44. That the DISTRICT has specifically and systemically failed over a substantial length of time to provide an appropriate educational environment both physically, emotionally and mentally for Plaintiff K.A. and has failed to provide any reimbursement for J.E.'s payment of services required for K.A. to receive appropriate services.

45. Section 504's regulations prohibit recipients of federal financial assistance from "utiliz[ing] criteria or methods of administration...(I) [t]hat have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap [or] (ii) that have the purpose of effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program with respect to handicapped persons." 45 C.F.R. §84.4(b)(4); 28 C.F.R. §41.51(b)(e)(I).

46. Defendants, the District and LCSEA, receive, expend, or administer the expenditure of federal funds within the meaning of the Rehabilitation Act.

47. The Defendants knew that K.A. was a student with multiple disabilities, including mental health disabilities that substantially limited major life activities including access to education programs and which qualified her for special education programs and related services under the Rehabilitation Act.

48. Section 504 of the Rehabilitation Act of 1973 provides standing for a parent to sue under the Rehabilitation Act at least insofar as J.E. is asserting and enforcing the rights of her daughter and incurring expense for her benefit.

49. All of Defendant's actions listed above are intentional or by deliberate indifference in violation of Section 504 of the Rehabilitation Act.

## VIII. VIOLATION OF K.A.'S SUBSTANTIVE DUE PROCESS RIGHTS AND EQUAL PROTECTION CLAIMS UNDER § 1983

50. Plaintiffs re-allege and incorporate Paragraphs 1-49 as if fully set forth herein.

51. The DISTRICT failed to provide K.A. with FAPE which resulted in her deprivation of her due process rights.

52. That the DISTRICT'S decision to place K.A. on homebound services and to keep her on homebound services for over three semesters because of the discrimination, bullying and her physical inability to access her classes was an intentional and/or deliberately indifferent decision to deprive K.A. of her liberty and/or property right to attend school and in the least restrictive environment.

53. That K.A. had a liberty or property right to participate like any other student in Harlem School District to receive an education and to physically attend the school which she was enrolled with the support and special education she requires under IDEIA.

## IX. THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT (FERPA) 20 U.S.C. § 1232G

54. Plaintiffs re-allege and incorporate Paragraphs 1-53 as if fully set forth herein.

55. K.A. received an Out of School Suspension from Loves Park Elementary School from 8/18/2015-8/31/2015 (10 school days) for allegedly violating Policy 7:190 for harassment, bullying, threats and physical aggression. The District then recommended K.A. for expulsion.

56. A Manifestation Determination Review was made under §504 but not under IDEA guidelines and the team determined that only one out of the three alleged behaviors was a

manifestation of her disability.

57. The Plaintiff's requested that the district provide the Plaintiff's educational advocate be provided with all educational records, yet the district failed to do so within the 45 day time from require by FERPA.

57. The District failed to properly consider all pertinent records or provide them to the parent on a timely basis causing the team to not consider all pertinent material regarding K.A.'s manifestation determination review, expulsion hearing, or subsequent due process hearing.

## STATE LAW CLAIMS

### X. THE ILLINOIS SCHOOL CODE *IN RE* EXPULSION at 105 ILCS 5/10-22.6 *et seq.*,

58. Plaintiffs re-allege and incorporate Paragraphs 1-57 as if fully set forth herein.

59. The District did not consider all information nor follow due process procedures under the provisions for suspension and expulsion concerning notice to the parent, conduct of the expulsion hearing before a hearing officer, nor at the expulsion hearing held before the Harlem School Board.

60. The DISTRICT failed to adhere to the provisions of Illinois Code by failing to consider all mitigating and pertinent factors regarding K.A.'s disability in both the hearing before the hearing officer and Board expulsion hearing.

61. The DISTRICT failed to follow (105 ILCS 5/10-22.6) (c) "The Department of Human Services shall be invited to send a representative to consult with the board at such meeting whenever there is evidence that mental illness may be the cause for expulsion or suspension." No Department of Human Services representative was invited or present at any of the expulsion proceedings conducted by the DISTRICT.

62. When the Plaintiff and her advocate at the Board expulsion hearing approached the Defendant Julie Morris about whether or not a Department of Human Services representative had been invited or was in attendance, Superintendent Morris stated that no such person was present to her knowledge but referred the advocate to the DISTRICT's attorney.

63. When the Plaintiff's advocate approached the DISTRICT's attorney, the attorney stated that she would look into it and left the building.

## XI.     ILLINOIS STUDENT RECORDS ACT AT 105 ILCS 10/5 AND 105 ILCS 10/6

64. Plaintiffs re-allege and incorporate Paragraphs 1-63 as if fully set forth herein.

65. The Plaintiff's requested that the district provide the Plaintiff's educational advocate be provided with all educational records, yet the district failed to do so within the 15 day time frame required by the Illinois Student Records Act (ISSRA).

66. The District failed to properly consider all pertinent records or provide them to the parent on a timely basis causing the team to not consider all pertinent material regarding K.A.'s manifestation determination review, expulsion hearing, or subsequent due process hearing.

67. The failure of the DISTRICT to comply with the ISSRA also hindered K.A. due process hearing proceeding and was the subject of much testimony in that hearing.

## XII.    CHILDREN'S MENTAL HEALTH ACT AT 405 ILCS 49/5 *et seq*., AND 405 ILCS 49/15 *et seq*.

68. Plaintiffs re-allege and incorporate Paragraphs 1-67 as if fully set forth herein.

69. The DISTRICT failed to comply with the provisions of the Children's Mental Act by not developing a plan in accordance with its provisions.

70. The failure to develop a plan in accordance with 405 ILCS 49/5 *et seq*., and 405

12

ILCS 49/15 *et seq.* was a direct and proximate cause of K.A. suffering a denial of needed educational services and behavioral services as articulated by the Act under her § 504 plan, IEP, and for her required eligibility under IDEA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Court grant the following relief and a Judgment against Defendant as follows:

A.  Receive and review the record of the administrative proceedings below from the Illinois State Board of Education and overturn the findings and order of the Administrative Hearing Officer and find K.A. eligible for an IEP and IDEIA services with the educational services and support services she needs;

B.  A trial de novo on all remaining federal question and state question claims regarding the other federal statutes and state claims not ruled on by the Hearing Officer;

C.  Order that Harlem Middle School is the current educational placement for K.A. during the course of these proceeding for purposes of "stay put";

D.  Grant leave to supplement the administrative record with appropriate exhibits and hear additional testimony and evidence in this matter as the Court deems appropriate; including but not limited to the impact on K.A.'s mental health and lack of educational progress because of the District's ongoing deliberated indifference regarding its current wrong education placement of K.A.;

E.  Overturn the Final Determination and Order issued on February 15, 2016;

F.  Overturn the Expulsion of K.A.;

G.  Find K. A. eligible for services under IDEA as a child with a disability either under

E.D. or O.H.I. or both;

      H.      Order that the DISTRICT retain a board certified behavior analyst (BCBA) to conduct a functional behavior assessment, assist the IEP team to develop a Behavior Intervention Plan with Positive Behavior Interventions;

      I.      Order that the DISTRICT provide ongoing training and support as guided by the aforementioned BCBA in regard to behavior interventions for a period of two calendar years;

      J.      Order that the DISTRICT place K.A. in a classroom at Harlem Middle School where she will receive instruction based on her current diagnosis, whether under the eligibility of E.D. or O.H.I. or both; and where she will participate in general education classes, lunch, physical education, sports and other extracurricular activities with her non-disabled peers;

      K.      Order that the DISTRICT pay for social work and psychological services and therapy from independent providers to compensate for K.A.'s loss of services while not being found eligible and for the trauma suffered by her of the expulsion and placement at an alternative school setting;

      L.      Order that the DISTRICT provide compensatory education services, including transportation to and from such services, so that K.A. may make progress in the general education curriculum toward graduation from middle school;

      M.      Order compensatory damages for Defendant's discrimination against Plaintiff K.A. in an amount in excess of $100,000;

      N.      Order that the Defendants pay all of the Plaintiffs' attorney's fees incurred for the administrative law hearing as well as for the filing and pursuit of this Complaint; and

      O.      For such other and further relief as this Court deems proper and just.

                                            J.E., as parent and next friend of K.A., a minor,
Plaintiffs.

                                            BY:      /s/ Joyce O'Neill Austin
                                                       Joyce O'Neill Austin, Attorney for Plaintiffs

Prepared by:
THE LAW OFFICES OF
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin, ARDC#6192790
515 N. Court Street
Rockford, IL 61103
P: (815) 963-4896
F: (815) 963-4904